**ARISTA RECORDS, et al., Plaintiffs,**

v.

**Matthew Forman TYSINGER, et al., Defendants.**

**No. 4:91CV00621.**

United States District Court, M.D. North Carolina, Salisbury Division.

June 17, 1994.

---

Alan W. Duncan and Evan Kent Auberry, Greensboro, NC, for plaintiffs.

Defaulted, for defendants.

## MEMORANDUM OPINION

TILLEY, District Judge.

Following a default judgment for Plaintiffs entered on August 6, 1992 on their claims of copyright infringement, Plaintiffs have moved for reconsideration of their motion for attorneys fees pursuant to 17 U.S.C. § 505 and for injunctive relief. With this unopposed motion Plaintiffs' attorneys have submitted information about the particular services performed on behalf of their clients and a revised itemized accounting of individuals who worked on the case, including the hours spent.

For the reasons stated herein, Plaintiffs' motion for attorneys fees is GRANTED and Plaintiffs' motion for a permanent injunction is DENIED.

### I.

A determination of whether a Court should exercise its discretion to award attorneys fees in a copyright infringement case requires consideration of (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented. *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 233–34 (4th Cir. 1993); *Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc.*, 21 F.3d 59, 61 (4th Cir. 1994).

In examining the motivations of the parties, it is worthwhile to note that Defendants were convicted in state court for violations of North Carolina General Statutes sections 14–435 and 14–437(a)(1), failure to show the true name and address of the manufacturer on packaging on certain sound recordings. Defendants' criminal activity supports a finding of bad faith and wilfulness in the infringement of Plaintiffs' copyrights. Plaintiffs filed this federal claim to recover statutory damages for the infringing activity of defendants, justifiably seeking protection of their rights under the law. Plaintiffs' contentions were well grounded in the facts and the law, and they in fact prevailed on 112 out of a total of 113 claims of infringement brought. One claim was dismissed for lack of standing. There is a need for compensation in this case, and deterrence of future infringement. Since Plaintiffs have already paid their attorneys, the effect of an award of fees at this point would be to reimburse Plaintiffs for expenses incurred. Plaintiffs have not provided the Court with any information regard-

ing Defendant's ability to pay, and Defendants have not filed any response to Plaintiffs' motion. Considering all of these factors, the Court finds that as the prevailing party in this copyright litigation, Plaintiffs should recover attorneys fees from Defendants.

■ Since attorneys fees are merited in this copyright infringement case, the Court must next consider whether Plaintiffs' request is reasonable. In making this determination, the Court must consider twelve factors, as follows: (1) the time and labor expended; (2) the novelty and the difficulty of the issue; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.) (adopting the *Johnson* factors), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978); *Rosciszewski*, 1 F.3d at 234, n. 8; *Diamond Star Bldg. Corp.*, 21 F.3d at 61, n. 2.

## II.

■ The attorneys for the Plaintiffs have submitted two affidavits in support of their motion, one by Alan W. Duncan, a partner at Smith Helms Mulliss & Moore, who is counsel of record on the case and who supervised the litigation, the other, by Hugh Stevens, an attorney in private practice in Raleigh, North Carolina, who has experience in copyright matters. The Court will consider the evidence provided in these affidavits in analyzing the *Barber* factors for a fee award.

The first factor to consider is the time and labor expended. There is evidence that a substantial amount of time and labor was required for representation of thirteen out-of-state clients in this matter. Duncan Aff. ¶ 7. Information was gathered from the state court criminal proceedings involving the six defendants. Plaintiffs went to state court to obtain copies of the transcripts of Defendants' pleas of guilty, and to obtain a court order for release of the pirated cassette tapes. Duncan Aff. ¶ 7, 8.

The 23,169 pirated audio cassette tapes were inventoried, indexed, and the copyright holders identified, primarily by legal assistants in the Smith Helms firm. Duncan Aff. ¶ 7, 13. Plaintiffs gathered and organized 113 copyright registration certificates. Duncan Aff. ¶ 7. All thirteen clients reviewed the pleadings in this case, and Mr. Duncan reviewed the changes made by the clients and finalized the pleadings. Duncan Aff. ¶ 10. Plaintiffs' attorneys prepared a brief with supporting exhibits for the purpose of obtaining a default judgment. Duncan Aff. ¶ 11, 12.

The second factor the Court should consider is the novelty and the difficulty of the issue. In its motion Plaintiff has not offered evidence to the Court that suggests the legal issues in this case were particularly novel or difficult.

Third, the Court must consider the skill required to properly perform the legal services rendered. Copyright infringement is a specialized area of the law. The affidavits indicate that two of the Smith Helms attorneys involved in the case, Mr. Duncan and Mr. Auberry, have significant experience in the area of copyright law, and Mr. Cowan has significant litigation experience. Duncan Aff. ¶ 3–6.

Fourth, is the opportunity cost of the attorney in pressing the instant litigation. Plaintiffs' attorneys have not indicated that they had to forgo other opportunities in order to provide representation in this case; thus this factor weighs little in the Court's determination.

Fifth, is the customary fee for like work. On this point, Plaintiffs offer the affidavit of Mr. Stevens, an attorney in Raleigh, North Carolina who indicates that he is experienced

in copyright litigation in North Carolina. Stevens Aff. ¶ 1. Mr. Stevens indicates that, in his opinion, the hourly rate charged by Plaintiffs' attorneys is "reasonable, fair, and well within the range of fees charged to clients in copyright litigation," Stevens Aff. ¶ 3, and that the total fees sought are reasonable for the work required by the case. Stevens Aff. ¶ 4.

The sixth factor is the attorney's expectations at the outset of the litigation, and the seventh factor is the time limitations imposed by the client or circumstances. Plaintiff has offered no evidence in its present motion on these points.

The eighth factor is the amount in controversy and the results obtained. Plaintiffs' attorneys received a good result in this case for their clients. A default judgment was entered on August 6, 1992, which ordered $2,000 statutory damages per claim for 112 of the 113 titles infringed. Filing fees of $120 were awarded. At that time, attorneys fees were not allowed based on mathematical inconsistencies in the itemized billing submitted and lack of information about services performed to support the request.

The ninth factor is the experience, reputation and ability of the attorneys involved in the litigation. Mr. Alan W. Duncan, counsel of record in this case, and a partner at Smith Helms, has practiced law with Smith Helms since 1979, and has represented many copyright holders since that time. Mr. Duncan has also spoken on copyright litigation in continuing legal education programs. Duncan Aff. ¶ 1, 4. Mr. Evan K. Auberry, a partner at Smith Helms, has been in practice with Smith Helms since 1982, and regularly advises clients on copyright and intellectual property issues. Duncan Aff. ¶ 5. Mr. J.D. Cowan, Jr. was licensed to practice law in 1968, is a partner at Smith Helms and represents clients in litigation matters in state and federal courts of North Carolina. Duncan Aff. ¶ 6. The Smith Helms Mulliss & Moore firm and the individual attorneys involved in this matter are well known to the Court and have an excellent reputation.

The tenth factor, the undesirability of the case within the legal community in which the suit arose, is not relevant to the present case.

The eleventh factor is the nature and length of the professional relationship between attorney and client, on which Plaintiffs have not provided any evidence.

The twelfth factor is attorneys' fee awards in similar cases. Plaintiffs have provided the affidavit of Mr. Stevens, which indicates that the fees in the present case are reasonable for this matter, but there is no evidence before the Court as to awards in similar cases.

### III.

Considering all of the evidence submitted by Plaintiffs in this renewed motion for attorneys fees, the Court finds that an award of $10,855.50 is reasonable given the size of this case involving thirteen plaintiffs, six defendants, 23,169 cassette tapes and 113 claims of infringement. Plaintiffs' attorneys provided services of drafting the complaint, collecting and organizing documents to support the claims in the complaint, and preparing a brief in support of a default judgment. Plaintiffs' motion for an award of attorneys fees in the amount of $10,855.50 is GRANTED.

### IV.

Plaintiff has moved for a permanent injunction to enjoin Defendants from infringing or distributing the copyrights held by Plaintiffs, to make business records available to Plaintiffs, and to deliver their inventory to Plaintiffs.

As an initial matter, the Court notes that in an order entered on August 6, 1992, the Court has already enjoined Defendants and their agents from publicly performing or aiding the public performance of a recording owned by any of the Plaintiffs. Further, in its renewed motion for an injunction, Plaintiff has not offered any evidence that the present injunction is insufficient to protect their interest, nor have they offered any authority or argument to support an injunction that would allow access of the Plaintiffs to Defendants' "business records," or "inventory." Plaintiffs have not offered any evidence that the Defendants in fact have "business records" or "inventory."

Since Plaintiff has not offered evidence that the injunction currently in effect is insufficient to protect its interests, Plaintiff's renewed motion for a permanent injunction is DENIED.